KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hamid Hayat,<br><br>        Petitioner,<br><br>vs.<br><br>Conrad Garber,<br><br>        Respondent. | No. CV 13-1381-PHX-DGC (MEA)<br><br>**ORDER** |

    Petitioner Hamid Hayat, who is confined in the Federal Correctional Institution-Phoenix (FCI-Phoenix), has filed a Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody and paid the filing fee. The Court will dismiss the Petition and this action.

    Petitioner raises one ground for relief in which he alleges that his privileges were rescinded without due process and despite the fact that Petitioner has not been found guilty of a violation of prison rules. Petitioner states that he is serving a 288-month term of imprisonment for terrorist-related charges. Petitioner alleges that in November 2010, it was determined that he was no longer a threat to the orderly running of the institution and he was released into general population with the same rights and privileges of other inmates, including visitation rights.

    After further good conduct, Petition was approved for a transfer to a facility closer to his family in California and was placed in FCI-Phoenix. Upon arrival at FCI-Phoenix, however, Petitioner was placed on a "restrictive 2 hour watch program," his phone

privileges were restricted to one call per week, and his father was removed from his visitation list. Petitioner states that these restrictions were not imposed as sanctions for rules violations and that "taking these privileges was arbitrary and capricious without any foundation in the security needs of the facility."

Jurisdiction under 28 U.S.C. § 2241 is available in a federal prison setting: (1) "for a prisoner's claims that he has been denied good time credits without due process"; (2) for a claim "that he has been subjected to greater restrictions of his liberty, such as disciplinary segregation, without due process"; and (3) "when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989) (citations omitted).

In this case, Petitioner has not raised claims implicating his due process rights. Petitioner has not demonstrated that he has been subjected to greater restrictions of his liberty, such as disciplinary segregation, and the duration of his sentence has not been affected through the loss of good time credits. Accordingly, habeas relief is not available to Petitioner. *See Wolff v. McDonnell*, 418 U.S. 539, 572 n.19 (1974) ("We do not suggest, however, that the procedures required by today's decision for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges.").

To the extent Petitioner intends to argue that he is subjected to unconstitutional conditions of confinement, a civil rights action is the proper method for challenging the conditions of a prisoner's confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979) (the proper remedy for complaints challenging conditions of confinement is a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)).

Although Petitioner may choose to bring his claims in a civil rights action, the Court, in its discretion, declines to construe the Petition as filed under *Bivens* because it

1 appears Petitioner's allegations do not state a claim for the violation of his civil rights.
2 Specifically, an inmate has no First Amendment right of access to a telephone. *Valdez v.*
3 *Rosenbaum*, 302 F.3d 1039, 1048 (9th Cir. 2002). Although the Ninth Circuit has at
4 various times stated prisoners have a limited right of access to a telephone subject to
5 reasonable security limitations, those statements were *dicta*, and no opinion has identified
6 the source of such a right. *Id.*; *see, e.g.*, *Halvorsen v. Baird*, 146 F.3d 680, 689 (9th Cir.
7 1998); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996); *Johnson v. California*, 207
8 F.3d 650, 656 (9th Cir. 2000); *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir.
9 1986). The Ninth Circuit "'sensibly and expansively' define[s] the First Amendment
10 right at issue . . . as the right to communicate with persons outside prison walls. Use of a
11 telephone provides a *means* of exercising this right." *Valdez*, 302 F.3d at 1048 (emphasis
12 in original).

13 Further, the Due Process Clause does not guarantee a right of unfettered visitation.
14 *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Keenan v.*
15 *Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996). Finally, a prisoner has no constitutional right
16 to enjoy a particular security classification. *Meachum v. Fano*, 427 U.S. 215, 224-25
17 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's
18 reclassification and transfer decisions). *See also*, *Hewitt v. Helms*, 459 U.S. 460, 466
19 (1983); *Lucero v. Russell*, 741 F.2d 1129 (9th Cir. 1984). "As long as the conditions or
20 degree of confinement to which the prisoner is subjected is within the sentence imposed
21 upon him and is not otherwise violative of the Constitution, the Due Process Clause does
22 not in itself subject an inmate's treatment by prison authorities to judicial oversight."
23 *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).

24 . . .
25 . . .
26 . . .
27 . . .
28 . . .

1  **IT IS THEREFORE ORDERED** that the Petition (Doc. 1) is **dismissed without**
2  **prejudice**.  The Clerk of Court must close the case and enter judgment.
3   Dated this 1st day of November, 2013.

_____
David G. Campbell
United States District Judge